UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| LARKEN ALEXANDER, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) )   Case No. 4:13CV376 CDP |
| UAW, | ) ) ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

Plaintiff Larken Alexander filed this *pro se* employment discrimination suit against his former union, UAW, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et seq.* He alleges that the union failed to properly represent him in a grievance procedure against his former employer because of his race, color, national origin, and disability. Defendant UAW has moved to dismiss. Because Alexander's underlying EEOC charge was untimely, I will grant UAW's motion.

## I.    Background[1]

Plaintiff Alexander, who is black and suffered from carpal tunnel syndrome, worked for DaimlerChrysler for seventeen years. He was discharged in

---

[1] These facts are taken from Alexander's complaint and his statements at a Rule 16 conference held May 31, 2013. They are considered as true for the purposes of this Memorandum and Opinion. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).

approximately December 2000 for allegedly striking another employee, who was white.  Alexander was a member of UAW at the time of his discharge.

In response to the termination, UAW filed a grievance on Alexander's behalf.  However, on November 12, 2001, UAW withdrew the grievance with DaimlerChysler's consent.  Afterward, Alexander filed a complaint against UAW with the National Labor Relations Board.  On January 30, 2002, after investigating the matter, the NLRB refused to issue the complaint.

More than ten years later, on January 7, 2013, Alexander filed a charge against UAW with the EEOC.  In his charge, he wrote:

> As a union member, I filed a grievance with the UAW regarding my treatment and discharge from Chrysler in around December 2000.  I was told the union was processing my grievance, but I was never reinstated, nor have I received any benefits from Chrysler.  I am a black male, and had been accused by a white male of hitting him.  I believe the shop steward was a good friend of the white employee.
> I believe I was denied proper union representation due to my race, black, color, and in an act of retaliation in violation of Title VII of the Civil Rights Act of 1964, as amended.

(Doc. 1-1.)  The EEOC issued Alexander a right-to-sue letter on February 13, 2013.  The letter indicates that the EEOC closed its file on the charge because it was not timely filed.  (Doc. 6-1.)

Two weeks later, on February 27, 2013, Alexander filed suit in this court, making mostly the same allegations.  He amended his complaint the

following month, adding, among other things, that UAW also had not represented him in moving up through the ranks at DaimlerChrysler.

## II.     Discussion

UAW has moved to dismiss under Rule 12(b)(6), which allows a defendant to assert that a plaintiff's complaint fails "to state a claim upon which relief can be granted."  The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint.  When considering a 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes them in favor of the plaintiff.  *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989).  In addition, *pro se* complaints like this one must be liberally construed.  *Estelle v. Gamble,* 429 U.S. 97, 106 (1976).  "Pro se litigants are held to a lesser pleading standard than other parties."  *Fed. Express Corp. v. Holowecki,* 552 U.S. 389, 402 (2008).

### A.     *Conversion to Summary Judgment Motion Not Necessary*

Although defendant UAW moves, in the alternative, for summary judgment, converting its motion to dismiss to a summary judgment motion is not necessary in this case.  When considering a motion to dismiss under Rule 12(b)(6), a court may consider material attached to the complaint and materials that are public records, do not contradict the complaint, or are

– 3 –

necessarily embraced by the pleadings. *Porous Media Corp. v. Pall Corp.*, 186 F.3d 1077, 1079 (8th Cir.1999). Here, I conclude that I may consider UAW's grievance withdrawal form and Alexander's NLRB complaint against UAW, as well as his EEOC charge and right-to-sue letter, as matters embraced by the pleadings, and need not thereby convert this motion into one for summary judgment.

B.  *Filing Period for Title VII Claims*

Exhaustion of administrative remedies is a prerequisite for filing actions in federal court alleging claims under Title VII. *Williams v. Little Rock Mun. Water Works,* 21 F.3d 218, 222 (8th Cir. 1994). At most, an individual has 300 days from the date of an alleged unlawful employment practice to file a discrimination charge with the EEOC. *See Hutson v. Wells Dairy, Inc.*, 578 F.3d 823, 825–26 (8th Cir. 2009).

This 300-day statute of limitations begins to run when the allegedly unlawful act is communicated to the plaintiff employee. *See Delaware State College v. Ricks,* 449 U.S. 250, 258–59 (1980). The limitations period begins to run when the plaintiff employee knows of the unlawful act, even if he does not yet know that the act was motivated by discriminatory intent. *See id.*; *Dring v. McDonnell Douglas Corp.*, 58 F.3d 1323, 1328 (8th Cir.

– 4 –

1995) (quoting *Hamilton v. 1st Source Bank,* 928 F.2d 86, 88–89 (4th Cir. 1990) ("To the extent that notice enters the analysis, it is notice of the employer's actions, not the notice of a discriminatory effect or motivation that establishes the commencement of the pertinent filing period.").

In this case, Alexander alleges that UAW discriminated against him because of his race, color, national origin, and disability when it improperly withdrew the grievance at issue in November 2001 and failed to represent him in an attempt to earn a promotion at DaimlerChrysler sometime earlier. Even if Alexander's allegations are true, it is much too late. Alexander amply demonstrated his knowledge that the union had withdrawn its grievance when he filed an NLRB complaint against it in 2001. At the very latest, he would have needed to file an EEOC charge sometime in 2002.

At the Rule 16 conference held in this case on May 31, 2013, Alexander stated that he knew other employees who had been out of work for ten years but eventually got their jobs back through UAW. Because of this, Alexander stated, it took him several years to recognize that UAW was no longer representing his interests. Even assuming his statements are true, they cannot toll the 300-day limitations period. Under Eighth Circuit law, the limitations period began when Alexander found out about the act he

alleges was discriminatory: UAW's withdrawal of its grievance on his behalf. UAW's subsequent failure to get Alexander his job back is, at most, an inevitable effect of its withdrawal of the grievance. Alexander's later discovery that he would not return to work therefore does not affect the 300-day limitations period. *See, e.g., Cooper v. St. Cloud State Univ.*, 226 F.3d 964, 968 (8th Cir. 2000) (professor's Title VII suit against university was time-barred when act that caused professor's discharge was university's decision not to give professor tenure; 300-day limitations period began when official tenure decision was announced, not when professor was fired).

Based on the foregoing,

**IT IS HEREBY ORDERED** that defendant's motion to dismiss [#16] is granted.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 21st day of October, 2013.